ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 - 2007

at __3__ o'clock and __30__ min __□__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>JEFFREY KAMA,     (02)<br><br>         Defendant. | ) CR. NO. 05-00189-02 DAE<br>) CR. NO. 07-00110    DAE<br>)<br>) MEMORANDUM OF PLEA AGREEMENT<br>)<br>)<br>) Date:   March 2, 2007<br>) Time:   3:30 p.m.<br>) Judge:  Honorable Leslie E.<br>)              Kobayashi<br>)<br>) |

MEMORANDUM OF PLEA AGREEMENT

      Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
defendant, JEFFREY KAMA (hereinafter "Defendant"), and his
attorney, Noah Fiddler, Esq., have agreed upon the following:

1.    Defendant acknowledges that he is charged in a
Superseding Indictment in Cr. No. 05-00189 DAE, with one (1)
count of a violation of Title 21, United States Code, Section 846
(Count 1 - Conspiracy to possess with intent to distribute fifty
(50) grams or more of methamphetamine); one (1) count of a
violation of Title 21, United States Code, Section 841 (Count 3 -
Possession with intent to distribute five (5) grams or more of
methamphetamine); one (1) count of a violation of Title 18,
United States Code, Section 924(c)(1) (Count 7 - Possession of a
firearm during and in relation to a drug trafficking offense);
and two counts of a violation Title 21, United States Code,
Sections 843(b)(Counts 11 and 12 - Unlawful use of a
communications facility).

        A.    Defendant also acknowledges that he is charged in
an Information with one count of a violation of Title 18, United
States Code, Section 922(g)(3) and 924(a)(2)(Count 1 - Unlawful
user of a controlled substance in possession of a firearm).

        B.    Defendant is aware that he has a right to have the
felony charge contained in the Information asserted against him
by way of Grand Jury Indictment.  Defendant hereby waives (gives
up) this right and consents that this charge may be asserted
against him by way of Information rather than Indictment.

2.    Defendant has read the charges against him as contained
in the Superseding Indictment and the Information, and the

2

charges have been fully explained to him by his attorney.    In
making his decision to plead guilty to Count 3 of the Superseding
Indictment and Count 1 of the Information, Defendant has had
ample opportunity to consult with his undersigned defense
attorney, and Defendant is satisfied with the legal advice and
representation of his defense attorney.

3.    Defendant fully understands the nature and elements of
the crimes with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to
Count 3 of the Superseding Indictment and Count 1 of the
Information.    In return, the government will move to dismiss
Counts 1, 7, 11 and 12 of the Superseding Indictment against
Defendant after sentencing in this case.

5.    Defendant agrees that this Memorandum of Plea Agreement
shall be filed and become part of the record in this case.

6.    Defendant enters this guilty plea because he is in fact
guilty of possession with intent to distribute five (5) grams or
more of methamphetamine and of being an unlawful user of a
controlled substance while in possession of firearm.    Defendant
further agrees that his guilty plea to the charges are voluntary
and not the result of force or threats.

7.    Defendant understands that the penalties for the
offenses to which he is pleading guilty are as follows:

3

    A.   <u>As to Count 3 of the Superseding Indictment</u>:

    1.   A term of imprisonment of not less than five year and up to life;

    2.   A fine of up to $2,000,000.00; and

    3.   A term of supervised release of not less than four years;

    B.   <u>As to Count 1 of the Information</u>:

    1.   A term of imprisonment of not more than ten years;

    2.   A fine of up to $250,000.00;

    3.   A term of supervised release of not less than two years nor more than three years;

Defendant must also pay a $100 special assessment as to each count to which the Defendant is pleading guilty.[1]  Defendant agrees to pay the $100 for the count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

---

    The $100 special assessment is mandatory pursuant to Title 18 U.S.C. § 3013(a)(2)(A).

4

At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

8.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

On December 4, 2004, in the early morning hours, Hawaii County Police Department arrested Defendant Jeffrey C. Kama on Kanoelehua Avenue, Hilo, Hawaii, for the offense of DRIVING WITHOUT LICENSE and EXPIRED LICENSE. Subsequent to the service of a search warrant on a black fanny pack which was in the possession of Defendant, HCPD officers recovered a Q.F.I. brand, model S.A. 25, .25 auto semi automatic pistol. Defendant was an unlawful user of mehtamphetamine, a controlled substance, while in possession of the firearm.

Subsequent to the service of a search warrant on Defendant's vehicle, HCPD officers recovered over 30 grams of crystal methamphetamine ("ice"), a cut straw with crystalline residue, and an operable digital scale with crystalline residue. Approximately 28 grams wrapped in a light blue colored paper towel was recovered from Defendant's front left pants pocket. In addition, approximately 2 grams of methamphetamine was recovered from Defendant's vehicle.

The above described methamphetamine that was possessed by Defendant, on December 4, 2004, was analyzed by the Drug Enforcement Administration Laboratory which resulted in a positive finding for methamphetamine in the amount of 26.4 grams with a purity of 96%.

9.  Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

In addition, pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

6

A.    The United States Attorney agrees that
Defendant's agreement herein to enter into a guilty plea
constitutes notice of intent to plead guilty in a timely manner,
so as to permit the government to avoid preparing for trial as to
Defendant.  Accordingly, the United States Attorney anticipates
moving in the Government's Sentencing Statement for a one-level
reduction in sentencing offense level pursuant to Guideline
§ 3E1.1(b)(2), if defendant is otherwise eligible.  The Defendant
understands that notwithstanding its present intentions, and
still within the Agreement, the prosecution reserves the rights
(1) to argue to the contrary in the event of receipt of new
information relating to those issues, and (2) to call and examine
witnesses on those issues in the event that either the probation
office finds to the contrary of the prosecution's intentions or
the Court requests that evidence be presented on those issues.

10.  The defendant is aware that he has the right to appeal
the sentence imposed under Title 18, United States Code, Section
3742(a).  Defendant knowingly waives the right to appeal, except
as indicated in subparagraph "b" below, any sentence within the
maximum provided in the statute(s) of conviction or the manner in
which that sentence was determined on any of the grounds set
forth in Section 3742, or on any ground whatever, in exchange for
the concessions made by the prosecution in this Plea Agreement.

7

a.   The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack; and

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

11.   The defendant understands that the District Court in imposing sentence will consult the provisions of the Sentencing Guidelines which are advisory.  Subject to the exceptions noted in the previous paragraph, the defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the defendant perceives to be an incorrect

8

application of the Guidelines.  The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

12.  The defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Indictment adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

13.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.  If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution,

and the judge all must agree that the trial be conducted by the judge without a jury;

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses

10

for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

e.  At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f.  The Defendant understands that he has a right to a jury determination, beyond a reasonable doubt, of the drug type and quantity as alleged in the Superseding Indictment and that by pleading guilty he is giving up that right.

14.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him and the consequences of the waiver of those rights.

15.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

16.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.  The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, _____ MAR 2 - 2007 _____.

AGREED:


_____
JEFFREY KAMA
Defendant

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
NOAH FIDDLER
Attorney for Defendant


_____
CHRIS A. THOMAS
Assistant U.S. Attorney


USA v. Jeffrey Kama
Memo of Plea Agreement
Cr. No. 03-00495 DAE
Cr. No. 07-     DAE